MUNICIPALITY OF SAN LORENZO, ETC., ET AL., Appellants, *v.* PUERTO RICO PLANNING, URBANIZING, AND ZONING BOARD, Appellee. •

No. 8.   Argued July 7, 1947.—Decided July 18, 1947.

*David Curet Cuevas* for appellants.  *Rafael R. Fuertes, Félix Bello,* and *A. Sandín del Manzano* for appellee.  *Félix Sojo Granado,* Attorney of the Housing Authority of Puerto Rico, as *amicus curiae.*

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The Board, appellee herein, seeks the dismissal of this appeal, first, because the appeal has not been duly perfected; and second, because if it has, it should be considered as abandoned.

Appellee maintains that in our decision of June 10, 1947 requiring the Board to send the record of case No. 1 on the Declaration of Slum Zone to which this appeal refers, we said "the parties shall comply with Rule 15 of the Rules of this Court" and that since the terms provided by said rule for the filing of the appellant's brief has expired, we should dismiss the appeal, first, because no memorandum was attached to the notice of appeal, and second, because no brief was filed ten days after the writ (*sic*) was issued in this case.

Appellee is wrong.  The appeal in this case is authorized by § 6 of Act No. 264, approved May 14, 1945, that is, the Act eliminating slum zones, which provides as follows:

"Section 6.—Appeal against the declaration of 'slum district.'— The Manager of the Government of the Capital or the mayor of the municipality and any of the owners of lands or houses located within the district declared slum district, or any other person with a right or interest therein, may challenge the decision of the Board through an *appeal* to the Supreme Court of Puerto Rico within a term of fifteen (15) days counting from the date of the last publication provided for under Section 4 of this Act.

"*The appeal* shall be filed by brief in which shall be set forth all reasons *of fact and of law* on which the challenge is grounded. After the appeal has been filed the appellant or appellants shall serve notice thereof on the Board with copy of the brief containing same, within a term of fifteen (15) days counting from the date it was filed, in default of which the court shall order its dismissal; *Provided,* That all parties in interest shall be joined in one sole appeal; *And provided, further,* That after the decision of the Board has been appealed, the same shall be stayed until final decision is made in the proceeding.

"The Board, upon being notified of the appeal provided for in this section, shall file its answer thereto within a term of fifteen (15) days counting from the date of such notification, and the Supreme Court shall set a date for the hearing of the case, with preference over all other business on the docket, within a term of not more than twenty days counting from the date the case was set for hearing.

"The Supreme Court shall enter an order in the case within a term of twenty (20) days counting from the date on which the case is heard, and the order so entered shall be final and conclusive." (Italics ours.)

This is not, therefore, the review authorized by § 26 of the Act creating the Puerto Rico Planning, Urbanizing and Zoning Board, as amended by Act No. 155 of May 14, 1943, which provides "That said review before the Supreme Court *may be* granted only on questions of law." (Italics ours.) Under this latter Act we have discretion to issue or deny a writ of review and once it is issued it is governed by Rule 15 of our Regulations.

The appeal authorized by Act No. 264 of 1945, *supra,* is of a general character on questions of "fact and of law." This Court does not have to issue any kind of a writ. How-

ever, § 6, *supra,* does not define the manner in which the record must be sent by the Board to this Court and it was for this reason that at the request of appellant we issued the order of June 10, 1947, requiring the Board to send the record in this case. By mistake, or as if we were dealing with a writ of review, we ordered the parties to comply with Rule 15 of our Regulations.

Since this appeal is contemplated by Act No. 264 of 1945, we believe that the applicable rule is No. 11 and that appellant has a period of thirty days after filing the record of the Board, which was done on July 7, 1947, to file his brief. Subsequently compliance should he had with the other provisions of Rule 11.

Appellee's motion is denied.

Mr. Justice Snyder did not participate herein.